# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM, 1849.

HARRISBURG.

---

## FISHER *v.* STRICKLER.

An agreement by deed between two persons, who were brothers, that in the event of either dying without issue, &c., the survivor should be his heir, and take, and enjoy his property, is a covenant to stand seised to uses, and the survivor is entitled to the land.

IN error from the District Court of Lancaster.

Ejectment and case stated. Jacob and Christian Strickler, who were brothers, being seised in fee as tenants in common of the land in question, in 1832 executed a deed poll, which, after reciting their title, was as follows:—

"Now know ye, that we, the said Jacob Strickler and Christian Strickler, have this day agreed with each other, that in case if one of them shall happen to die unmarried, or intermarried and without lawful issue or issues that should arrive to the age of twenty-one years, that then and in that case the survivor of them shall be the sole heir of the deceased one, both to the real and personal estate of the deceased, without any further deed or conveyance: to hold the real estate as well as the personal estate of the deceased unto the survivor, and to his heirs and assigns for ever. And it is further agreed by the said parties, that if any one of them shall get intermarried, having no issue or issues that shall arrive at the age of twenty-one years, but leaving a widow, that such widow shall be entitled to take all such articles and money which she had or

(343)

brought to the deceased, or to which the deceased if he had lived to receive in right of his wife; and if that or her own personal estate should not be sufficient to maintain or support her, that then and in that case the survivor, Jacob or Christian, whoever may be the survivor, shall yearly pay unto the said widow the sum of fifty dollars during she remains the widow of one of the parties who may die without a child or children that arrive to the age of twenty-one years, and no longer: the said fifty dollars shall be paid in and under the circumstances before mentioned."

Christian Strickler died in 1841; and this deed having been acknowledged on the day of its date, was recorded after his death. The plaintiff was one of his heirs, and the question was, whether he was entitled to recover against Jacob Strickler any part of the land of the decedent.

HAYES, P. J.—"The instrument of writing set forth in this case, is what is technically called a covenant to stand seised to uses. The words are sufficient to create the covenant, the intention being apparent on the face of this deed, that each party should stand seised to the use of the other surviving him, under the circumstances stated. And the consideration of natural love, though not expressed, is manifest from the relation of the parties; and as this, being consistent with the deed, might be averred in pleading, and admitted in evidence, it is not essentially necessary that it should be mentioned in the instrument: Milburn v. Salkeld, Willes, 673; Bedell's case, 7 Rep. 40; Crossing v. Scudamore, 1 Ventr. 137; 3 Cruise's Dig. part iv. 186, 190. Being of this opinion, I think judgment, on the case stated, should be for the defendant.

"Judgment for the defendant."

*Matthiot*, for plaintiff in error, cited 3 Bl. Com. 165; 4 Cr. Dig. T. 32, c. 2, § 52.

*Franklin*, contra.—Willes, 682; 4 Mass. 135; 7 Pick.; 4 Taunt. 30.

*May* 21. ROGERS, J.—After a careful examination of the authorities cited, we concur in the opinion that this is a covenant to stand seised to uses. The judgment is therefore affirmed, for the reasons given by Judge HAYES. We perceive nothing in the contract, as contended, in conflict with the law or policy of this state, either as it affects the collateral inheritance tax, or the dower of any future wife.

Judgment affirmed.